UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MAREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>  Defendant. | Case No. 1:22-cv-01063-JLT-EPG<br><br>ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION IN THIS CASE |

   Plaintiff filed this employment discrimination case in August 2022, asserting Title VII and state law claims. (ECF No. 1). In September 2023, Plaintiff amended the complaint to assert only state law claims. (ECF No. 37). In September 2024, Plaintiff moved for leave to file a second amended complaint, which motion, if granted, would add another state law claim but no Federal claims. (ECF No. 51).

   Upon review of the record, the Court will order Plaintiff to show cause why the Court not decline to exercise supplemental jurisdiction in this case.

   Under 28 U.S.C. § 1367(a), a district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." However, "a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1999. These conditions are

1

as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
>> (1) the claim raises a novel or complex issue of State law,
>>
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness, and comity." *Acri*, 114 F.3d at 1001 (internal citations and quotation marks omitted). Further, "[t]he Supreme Court has stated, and [the Ninth Circuit has] often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (omission in original, internal citation and quotation marks omitted).

Upon considering these legal principles in light of the record here, especially that no federal claims remain, the Court will order Plaintiff to show cause why the Court should not decline supplemental jurisdiction in this case.

Accordingly, IT IS ORDERED as follows:

1. By no later than October 24, 2024, Plaintiff shall file a response to this order showing cause why the Court should not decline supplemental jurisdiction in this case.
2. By this same date, Defendant may, but is not required to, file a response to this order regarding its position.
3. Nothing in this order relieves the parties of pending discovery obligations.

\\\
\\\
\\\
\\\

2

4.  Plaintiff's failure to respond to this order to show cause may result in the dismissal of this case.

IT IS SO ORDERED.

Dated:   **October 10, 2024**                                /s/ Erica P. Grosjean
                                                                                  UNITED STATES MAGISTRATE JUDGE

3